UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

KATRINA MEIGHEN,

*Plaintiff,*

*v.* Case No. 3:26-cv-1093

CHIPPEWA COUNTY, CITY OF BLOOMER,
CHRISTOPHER ECKWRIGHT,
NICHOLAS OELTJEN, AND ETHAN OGDEN,

*Defendants.*

---

# COMPLAINT

---

Plaintiff Katrina Meighen, by her attorneys, Strang Bradley, LLC, for her complaint against Defendants Chippewa County, City of Bloomer, Christopher Eckwright, Nicholas Oeltjen, and Ethan Ogden, states:

## INTRODUCTION

1. Katrina Meighen brings this civil-rights lawsuit under 42 U.S.C. § 1983 for violations of her Fourth Amendment right to be free from unreasonable searches of her home.

2. On April 24, 2025, while Meighen was at work, three police officers came to her apartment in Bloomer, Wisconsin, and repeatedly entered and searched her apartment without a warrant or a valid exception to the warrant requirement.

3. Even after Meighen spoke to the officers by phone and told them they did not have permission to be in her home, Eckwright told the other officers that they did

not need her permission anymore, and the officers continued searching inside her home for nearly an hour.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the federal claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3), and over the state-law indemnification claim under 28 U.S.C. § 1367(a).

5. Venue is proper under 28 U.S.C. § 1391(b)(1)–(2). Defendants Chippewa County and City of Bloomer are political subdivisions of the State of Wisconsin located within this judicial district, and, upon information and belief, Defendants Eckwright, Oeltjen, and Ogden reside within this judicial district. Additionally, the events giving rise to the claims asserted herein occurred within this judicial district.

**PARTIES**

6. Plaintiff Katrina Meighen is an adult resident of Chippewa County, Wisconsin.

7. Defendant Chippewa County is a political subdivision of the State of Wisconsin and is or was the employer of Eckwright and Oeltjen. Chippewa County is required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment.

8. Defendant City of Bloomer is a political subdivision of the State of Wisconsin and is or was the employer of Ogden. The City of Bloomer is required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment.

9. At all relevant times, Defendant Christopher Eckwright was employed as a deputy with the Chippewa County Sheriff's Office. Eckwright is sued in his individual capacity.

10. At all relevant times, Defendant Nicholas Oeltjen was employed as a deputy with the Chippewa County Sheriff's Office. Oeltjen is sued in his individual capacity.

11. At all relevant times, Defendant Ethan Ogden was employed as a police officer with the City of Bloomer Police Department. Ogden is sued in his individual capacity.

12. At all relevant times, Eckwright, Oeltjen, and Ogden acted within the scope of their employment with Chippewa County and the City of Bloomer, respectively.

13. At all relevant times, Eckwright, Oeltjen, and Ogden acted under color of state and local law.

**FACTS**

14. On April 24, 2025, Katrina Meighen lived at 1603 16th Avenue, Apartment 3, in the City of Bloomer, Chippewa County, Wisconsin, with her five-year-old son.

15. That evening, Meighen was at work. Her son's cousin was at the apartment babysitting Meighen's son.

16. Eckwright, Oeltjen, and Ogden came to the apartment in response to a report that the cousin was overdosing.

17. The cousin answered the door, said he was fine, and told the officers that he could not give them permission to enter because it was not his home.

18. Oeltjen suspected the cousin was on drugs.

19. The officers did not have a warrant to enter or search Meighen's home.

20. Eckwright and Ogden nonetheless walked into Meighen's apartment.

21. No one had consented to Eckwright or Ogden's entry, and no emergency justified it.

22. Eckwright did not mention this entry in his report.

23. Eckwright then called Meighen at work and asked whether officers could go into the house, once her son was out of it, "just to make sure" there was "nothing in there that's obvious."

24. Meighen did not consent to a search of her home.

25. Eckwright claims Meighen consented to a brief look for obvious hazards if her son was outside of the house.

26. The son's father came and took the son with him.

27. Eckwright and Oeltjen then searched the apartment for drugs, opening and searching closed boxes, bags, a suitcase, and a closet.

28. Meighen later told Eckwright by phone that the officers were not supposed to be in her house and did not have permission to be there.

29. Eckwright told Oeltjen that Meighen revoked her consent but also told him they no longer needed it and to "bag up everything."

30. The officers kept searching, including the bedroom, storage totes, kitchen cabinets, and the refrigerator, and Ogden collected additional items from inside the apartment.

31. The officers discussed whether to apply for a search warrant and decided not to.

32. The officers continued going in and out of the apartment, removing items, for nearly an hour after Meighen told them they did not have permission to be there.

33. No officer ever applied for or obtained a warrant to search Meighen's home.

34. No exigent circumstance justified continuing to search the home after Meighen revoked any consent (if there ever was consent). Meighen's son had left with his father, the cousin was in police custody, and the officers could have secured the apartment while they applied for a warrant.

35. The officers' reports omitted Eckwright's initial entry, the limited terms of the permission he requested, Meighen's revocation of any consent, and the officers' decision not to seek a warrant; instead, they characterized Meighen as having consented to a search of the residence for drugs.

36. Based on items taken from her home, Meighen was charged in Chippewa County Case No. 2025CF183. The charges were later dismissed.

37. As a result of the officers' conduct, Meighen suffered invasion of her privacy, loss of property, emotional distress, and humiliation.

**COUNT 1**
**Unreasonable Home Entry and Search**
**Against Eckwright**

38. Plaintiff realleges the above paragraphs.

39. Eckwright entered Meighen's home without a warrant, without consent from anyone with authority to give it, and without exigent circumstances.

40. Eckwright's unreasonable entry into Meighen's home violated her Fourth Amendment rights.

41. Eckwright acted under color of state and local law.

42. As a direct and proximate result of Eckwright's unlawful actions, Meighen suffered damages, including invasion of privacy, emotional distress, and humiliation.

WHEREFORE, under 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Eckwright and, because he acted in reckless or callous indifference to Plaintiff's rights, punitive damages, plus the costs of this action, attorneys' fees, and such other relief that the Court deems just and equitable.

**COUNT 2**
**Unreasonable Search of Home**
**Against Eckwright and Oeltjen**

43. Plaintiff realleges the above paragraphs.

44. Meighen did not consent to a search of her home.

45. Even if Meighen consented, which she denies, any consent Meighen gave was limited to a brief look for obvious hazards after her son left the house.

46. Eckwright and Oeltjen exceeded the scope of that consent by conducting a general search for drugs and other evidence, including opening and searching closed containers, a suitcase, and a closet.

47. Alternatively, both Eckwright and Oeltjen were present for the search, knew that it exceeded the scope of any consent, had a realistic opportunity to prevent it, and failed to intervene.

48. The unreasonable search of Meighen's home violated her Fourth Amendment rights.

49. Eckwright and Oeltjen acted under color of state and local law.

50. As a direct and proximate result of Eckwright's and Oeltjen's unlawful actions, Meighen suffered damages, including invasion of privacy, emotional distress, and humiliation.

WHEREFORE, under 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Eckwright and Oeltjen and, because they acted in reckless or callous indifference to Plaintiff's rights, punitive damages, plus the costs of this action, attorneys' fees, and such other relief that the Court deems just and equitable.

**COUNT 3**
**Unreasonable Entry and Search of Home**
**Against Eckwright, Oeltjen, and Ogden**

51. Plaintiff realleges the above paragraphs.

52. Meighen never consented to a search of her home.

53. Meighen revoked any consent (if she ever gave it) when she told Eckwright that the officers did not have permission to be in her home.

54. Eckwright, Oeltjen, and Ogden nonetheless continued to search Meighen's home and remove items from it for nearly an hour, without a warrant and without exigent circumstances, after discussing and rejecting the option of applying for a warrant.

55. Alternatively, each Eckwright, Oeltjen, and Ogden were present for the continued search, knew that it was unlawful, had a realistic opportunity to prevent it, and failed to intervene.

56. The unreasonable search of Meighen's home violated her Fourth Amendment rights.

57. Eckwright, Oeltjen, and Ogden acted under color of state and local law.

58. As a direct and proximate result of Eckwright's, Oeltjen's, and Ogden's unlawful actions, Meighen suffered damages, including invasion of privacy, loss of property, emotional distress, and humiliation.

WHEREFORE, under 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Eckwright, Oeltjen, and Ogden and, because they acted in reckless or callous indifference to Plaintiff's rights, punitive damages, plus the costs of this action, attorneys' fees, and such other relief that the Court deems just and equitable.

**COUNT 4**
**Indemnification**
**Against Chippewa County**

59. Plaintiff realleges the above paragraphs.

60. Wisconsin law, WIS. STAT. § 895.46, requires public entities to pay any tort judgment for damages for which employees are liable, for acts within the scope of their employment.

61. At all relevant times, Eckwright and Oeltjen engaged in the conduct complained of while they were on duty and in the course and scope of their employment with Chippewa County.

WHEREFORE, Plaintiff asks this Court to find that Chippewa County is liable to satisfy any judgment entered against Eckwright and Oeltjen, by virtue of WIS. STAT. § 895.46.

**COUNT 5**
**Indemnification**
**Against City of Bloomer**

62. Plaintiff realleges the above paragraphs.

63. Wisconsin law, WIS. STAT. § 895.46, requires public entities to pay any tort judgment for damages for which employees are liable, for acts within the scope of their employment.

64. At all relevant times, Ogden engaged in the conduct complained of while he was on duty and in the course and scope of his employment with the City of Bloomer.

WHEREFORE, Plaintiff asks this Court to find that the City of Bloomer is liable to satisfy any judgment entered against Ogden, by virtue of WIS. STAT. § 895.46.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury, under FED. R. CIV. P. 38(b), on all issues so triable.

Respectfully submitted,

Dated: November 6, 2026,

STRANG BRADLEY, LLC
Attorneys for Plaintiff

/s/ R. Rick Resch
John H. Bradley
Wisconsin Bar No. 1053124
R. Rick Resch
Wisconsin Bar No. 1117722
Jacob A. Idlas
Wisconsin Bar No. 1078457
STRANG BRADLEY, LLC
613 Williamson St., Suite 204
Madison, WI 53703
(608) 535-1550
John@StrangBradley.com
Rick@StrangBradley.com
Jack@StrangBradley.com